MEMORANDUM **
Plaintiff Brenda Jones appeals the district court’s grant of partial summary judgment in favor of Defendants City of Los Angeles and Chief of Police William Bratton, as well as various rulings made during trial. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Our review of the district court’s summary judgment order is de novo. Universal Health Servs., Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir.2004). Evidentiary rulings are reviewed for an abuse of discretion. McEuin v. Crown Equip. Corp., 328 F.3d 1028, 1032 (9th Cir.2003).
*9 As the district court correctly held, the City and Chief Bratton cannot be held liable for their policies absent a constitutional violation by the officers. See City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam). And because there was no evidence that the officers intended to harm Jones, the district court correctly concluded that the officers did not violate her Fourteenth Amendment rights. See County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Moreland v. Las Vegas Metro. Police Dep’t, 159 F.3d 365, 372-73 (9th Cir. 1998).
Next, Jones argues that the district court failed to give a requested jury instruction on negligent infliction of emotional distress. It is unclear from the record whether Jones acquiesced in the final instruction as given or whether she persisted in requesting the instruction. Assuming arguendo that the issue was preserved and assuming further that the instruction was erroneously refused, any error was harmless given the jury’s verdict against Jones on the negligence claim. See Swinton v. Potomac Corp., 270 F.3d 794, 805 (9th Cir.2001) (stating that an error in instructing the jury does not require reversal if it is harmless); Osborn v. Irwin Mem’l Blood Bank, 5 Cal.App.4th 234, 7 Cal. Rptr.2d 101, 131 (Ct.App.1992) (“The record is also devoid of any evidence of negligence on the part of anyone at the University, and that is dispositive of the claim of negligent infliction of emotional distress.”).
Turning to the various evidentiary rulings, the district court did not abuse its discretion in limiting testimony relating to “SXT” bullets given the lack of relevance of that evidence. Also, there was no abuse of discretion when the court prevented Jones’s attorney from impeaching a witness with a prior statement that was not necessarily inconsistent with the witness’ trial testimony. See United States v. Higa, 55 F.3d 448, 453 (9th Cir.1995) (“The trial judge has a ‘high degree of flexibility’ in deciding how much inconsistency is enough to permit use of a prior statement for impeachment.”). Finally, in overruling Jones’s attorney’s objection during closing argument, the district court did not fail to implement a prior order, because the court had previously ruled that Jones’s status as the registered owner of the vehicle was relevant, and in any event, the issue was introduced by Jones herself.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.